# EXHIBIT 1

**JAMS # 5200001670**

**GORDON REES SCULLY MANSUKHANI, LLP,**

    **CLAIMANT**

**V.**

**KELLY GWIN,**

    **RESPONDENT.**

**FINAL AWARD**

**Counsel for Claimant:**

    A. Richard Syber
    Gordon Rees Scully Mansukhani LLP
    101 W. Broadway, Suite 2000
    San Diego, CA 92101
    rsybert@grsm.com

**Counsel for Respondent Gwin:  None**

    Kelly Gwin
    14 Monarch Bay Plaza, Suite 212
    949 290-7000
    Ksg7000@gmail.com

**Arbitrator:**

    Hon. Linda L. Miller (Ret.)
    JAMS
    5 Park Plaza, Suite 400
    Irvine, California 92614
    714/939-1300

**Case Manager:**

    Laura Aguillar
    JAMS
    5 Park Plaza, Suite 400
    Irvine, California 92614
    (714) 937-8260
    laguilar@jamsadr.com

**Court Reporter**: None

**Place of Arbitration:** Orange County, California (by Zoom)

**Dates of Hearing**: February 4, 2025 but will close when interest calculation is submitted

**Date of Final Award: April 3, 2025**

THE UNDERSIGNED ARBITRATOR, having been designated in accordance on May 29, 2024, by the arbitration agreement of the parties and JAMS Streamlined Rules and having examined the submissions, proofs, and allegations of the parties, finds, concludes, and issues this Final Award as follows:

## INTRODUCTION

Claimant filed the Demand for Arbitration with JAMS on May 28, 2024, with a proof of service showing that it was served on Respondent Gwin on May 31, 2024. Claimant had no contact with Claimant after service. Their last contact was in February 2024. All notices for call and hearings were served by JAMS and by Claimant by email and regular mail. The order issued after the initial management call on October 18, 2024, allowed two weeks for Respondents to file an answer or have the claims deemed denied by JAMS Rule 7. Respondents have not filed a response to the demand. The Arbitrator also gave notice of the ability to proceed to hearing with or without the participation of a Respondent, provided that they were given notice of all calls and dates by electronic and mail service. The Arbitrator finds that all notices of calls and hearing dates have been given, providing both Respondents an opportunity to be heard.

Thus, the undersigned is satisfied that there has been notice and opportunity to be heard pursuant to JAMS Rules and the matter can proceed to hearing uncontested but not as a true default. Claimant is and was still required to submit such evidence as was necessary to render this Award.

## WITNESSES (called and sworn):

Deborah Wolfe

Richard Sybert (and by declaration received into evidence, and all billings and invoices authenticated)

## EXHIBITS

All exhibits that are contained on Claimant's amended Exhibit list, #1-21, except #2 and #3, were admitted into evidence and notice of which were served on Respondent in accordance with the orders of the undersigned.

## FACTUAL FINDINGS AND ANALYSIS:

These findings are derived from the testimony and evidentiary exhibits presented at the hearing. To the extent a particular item of evidence or witness statement is not mentioned with particularity, it does not mean it was not considered. Everything that was said and documented was considered. To the extent that these findings differ from any party's position, it is a result of the

2

determinations by the Arbitrator as to credibility and relevance, burden of proof considerations, legal principles, and the weighing of evidence, both oral and written.

It is noted that the Legal Services Agreement, which contract forms the basis of the action, Ex. 1, provides that the Arbitrator is not, in this Award, required to include factual findings or legal reasoning. Nonetheless, some comments and reasoning necessary to the Award will be set forth for clarity.

The evidence showed that Claimant law firm was hired by both Respondents MSSK and Gwin for work as set forth in Ex. 1 dated April 1, 2023. Work was performed by Mr. Sybert, Mr. Scully and Mr. Mejia as set forth in the invoices that are in evidence. These invoices set forth in a contemporaneous way and with particularity the work performed and hours spent and the rate billed. Based on the evidence presented, the undersigned finds that the hourly rates are reasonable in the market in which the services were performed and that they were reasonable and necessary to represent their clients in the actions brought against them by the homeowner's association (HOA) relating to construction at a home in the city of Dana Point. The underlying matter was resolved after the firm filed numerous documents, responded to motions, and entered into successful negotiations for resolution.

As to the underlying matter, the firm successfully defended a summary judgment motion after setting aside a default and were able engage in some settlement negotiations and delay the trial to benefit their clients. Ultimately, payments to Claimant stopped in or around September 2023, although work continued through the Fall of 2024, at which time Claimant's motion to withdraw as counsel was granted.

The evidence showed that the total fees remaining after crediting all payments made before counsel ceased working on behalf of Respondents and the amount paid by Respondent MSSK in settlement is $97,75.62. This amount has been reduced in the amount of $6,500 by the Arbitrator after hearing the testimony of Ms. Wolf regarding what was charged by the associate Mr. Mejia. In addition, the amounts sought by Claimant billed by Mr. Suggs are not properly brought within this arbitration as his agreement was with Gwin who remains responsible directly to Suggs.

The account stated and remaining due on this contract claim thus is **$91,251.62** and thus found due from Respondent Gwin to Claimant. To this amount pre-award interest is added at the legal rate of 10% per annum in the amount of **$10,077.96** through the date of this award. These two amounts total **$101,329.58**. In addition, Claimant is allowed to recover the costs of this arbitration proceeding in the amount of **$5,447.50** which is one-half of what was paid by Claimant. Pursuant to the arbitration agreement the parties were to split the costs of the matter and Respondents did not pay their share.

Claimant is thus entitled to a Final Award against Respondent in the amount of **$106,777.08** and this resolves all issues before the undersigned. Claimants are not seeking their

attorney fees incurred in this matter, therefore the Interim Award becomes the Final Award as after service neither party made any additional requests.

_____
Hon. Linda L. Miller, Ret.
Arbitrator

4

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Gordon Rees Scully Mansukhani LLP vs. Gwin, Kelly
Reference No. 5200001670

I, Kristin Gardetto, not a party to the within action, hereby declare that on April 7, 2025, I served the attached FINAL AWARD on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Irvine, CALIFORNIA, addressed as follows:

Richard P. Sybert Esq.
Gordon Rees Scully Mansukhani LLP
101 W. Broadway
Suite 2000
San Diego, CA   92101
Phone: 619-696-6700
rsybert@grsm.com
   Parties Represented:
   Gordon Rees Scully Mansukhani LLP

Mr. Kelly Gwin
14 Monarch Bay Plaza
Suite 212
Monarch Beach, CA   92629
Phone: 949-290-7000
ksg7000@gmail.com
   Parties Represented:
   Kelly Gwin

I declare under penalty of perjury the foregoing to be true and correct. Executed at Irvine, CALIFORNIA on April 7, 2025.

*Kristin Gardetto*
_____
Kristin Gardetto
KGardetto@jamsadr.com